Below is an Opinion of the Court.

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) |
| | ) Bankruptcy Case |
| Lauren John Paulson, | ) No. 09-32439-rld7 |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| Lauren John Paulson, | ) Adv. Proc. No. 11-03309-rld |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Matt Arbaugh, Amy Mitchell, and | ) MEMORANDUM DECISION RE DEFENDANT |
| Craig Russillo, | ) AMY MITCHELL'S AMENDED MOTION |
| | ) FOR SUMMARY JUDGMENT |
| Defendants. | ) |
| _____ | ) |

On April 4, 2012, I heard oral argument ("Argument") on Defendant Amy Mitchell's Amended Motion for Summary Judgment ("Trustee's SJ Motion") (See Docket #31). Plaintiff, Lauren John Paulson ("Mr. Paulson"), neither filed a response to the Trustee's SJ Motion nor

/ / /

Page 1 - MEMORANDUM DECISION RE DEFENDANT AMY MITCHELL'S AMENDED MOTION FOR SUMMARY JUDGMENT

appeared at the Argument.  Ms. Mitchell ("Trustee") was represented at the Argument by Justin Leonard ("Mr. Leonard").

I have reviewed Mr. Paulson's complaint, which appears as Exhibit 1 to the Notice of Removal (see Docket #1), the Trustee's SJ Motion, together with the memorandum, the concise statement of material facts, and the Declaration of Justin D. Leonard with its attached exhibits provided as evidentiary support for the Trustee's SJ Motion. For the reasons set forth below, as authorized by Civil Rule 56(a),[1] applicable in this adversary proceeding pursuant to Rule 7056, I grant the Trustee's SJ Motion.

### Factual Background

In my Memorandum Decisions re (1) Motion to Recuse and (2) Plaintiff's Motion for a Visiting Out of District Judge entered on February 7, 2012, I set out in detail the factual background of this adversary proceeding.  See Docket #41.  I restate that background here at 3:1-6:2, followed at 6:3-7:22 by a discussion of the proceedings in relation to the Trustee's SJ Motion which I restate, with minor amendments, from the Order Denying Plaintiff's Second Motion to [Extend Time to] Respond to Motions for Summary Judgment, entered March 27, 2012. See Docket #61.

/ / /

---

[1] Unless otherwise specified, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  The Federal Rules of Civil Procedure are referred to as "Civil Rules."

Page 2 - MEMORANDUM DECISION RE DEFENDANT AMY MITCHELL'S AMENDED MOTION FOR SUMMARY JUDGMENT

Mr. Paulson, as the sole and managing member of Huber-Wheeler Crossing, LLC (the "LLC"), signed documents through which the LLC borrowed funds (the "Loan") from Fairway Commercial Mortgage Corporation ("Fairway"). Fairway was the predecessor-in-interest of FHLF, LLC ("FHLF"). Defendant Craig Russillo was the attorney for both Fairway and FHLF.

The Loan was secured by three parcels of real property owned by the LLC, and by a fourth parcel of real property owned by the Lauren Paulson Trust (collectively, the "Property"). "All of the documentation for the Loan identifies the Loan as a commercial loan and identifies the LLC as the borrower." Memorandum, Paulson v. Mitchell (In re Paulson), BAP No. OR-10-1173-MkHJu at 2:20-21 (9th Cir. BAP May 10, 2011).

In February 2008, the LLC defaulted on payments due under the Loan. Following unsuccessful efforts both to renegotiate the Loan and to sell the Property, Fairway formally demanded cure of the Loan default. In response, Mr. Paulson commenced litigation against Fairway in the United States District Court for the District of Oregon, Case No. CV-08-00982-ST, which has been referred to as the Predatory Lending Lawsuit. In March 2009, Fairway filed a Civil Rule 12(b)(6) motion to dismiss most of the claims for relief in the Predatory Lending Lawsuit. Fairway also began actively to pursue foreclosure proceedings.

Mr. Paulson filed a voluntary chapter 11 case on April 8, 2009, and the case was assigned to me. Defendant Matt Arbaugh was Mr. Paulson's attorney of record. Through Mr. Arbaugh, Mr. Paulson entered into a stipulated order with Fairway, which allowed Mr. Paulson

until September 14, 2009 to sell the Property. In the absence of a sale by that date, Fairway could resume its foreclosure proceedings. When Mr. Paulson failed to sell the Property by September 14, 2009, Fairway completed its nonjudicial foreclosure through a credit bid on the Property on September 25, 2009.

On November 25, 2009, on Mr. Paulson's motion, I converted his bankruptcy case from chapter 11 to chapter 7. Defendant Amy Mitchell was appointed as the chapter 7 trustee in the case.

In January 2010, I granted FHLF relief from the automatic stay to pursue a state court forcible entry and detainer action ("FED Action") for possession of the Property. Alleging wrongful foreclosure of the Property, Mr. Paulson filed a response to FHLF's motion, but neither he nor Mr. Arbaugh appeared at the hearing on FHLF's motion held December 29, 2009. At that hearing, I explained that any issues Mr. Paulson had relating to wrongful foreclosure could be raised in the FED Action.

On February 25, 2010, Ms. Mitchell filed a motion for authority to settle Mr. Paulson's Predatory Lending Lawsuit with Fairway in exchange for Fairway's payment of $5,000 to Mr. Paulson's bankruptcy estate, which I granted over Mr. Paulson's objection, following an evidentiary hearing held May 7, 2010. Mr. Arbaugh then requested permission to withdraw as Mr. Paulson's counsel in the bankruptcy case, which I also granted. Acting pro se, Mr. Paulson appealed my order approving the settlement to the Bankruptcy Appellate Panel ("BAP"), which affirmed. A copy of the BAP's decision and its judgment of affirmance were received by the Clerk of the Bankruptcy Court on May 31, 2011, and

docketed in Mr. Paulson's chapter 7 case as Docket No. 123 on June 1, 2011. Mr. Paulson's appeal of the BAP's decision to the Ninth Circuit Court of Appeals was dismissed August 16, 2011 based upon Mr. Paulson's failure to pay the docketing/filing fees in his appeal to the Ninth Circuit. See Docket Nos. 124 and 125 in Mr. Paulson's chapter 7 bankruptcy case.

On September 19, 2011, Mr. Paulson sued Mr. Arbaugh, Mr. Russillo, and Ms. Mitchell in the Multnomah County Circuit Court, Case No. 1109-12166. In essence, the state court litigation alleges malpractice against Mr. Arbaugh, a civil conspiracy between and among all defendants to obtain legal title to Mr. Paulson's property by unlawful means, and a claim for punitive damages based upon the defendants' alleged intentional infliction of emotional distress on Mr. Paulson. Mr. Arbaugh and Mr. Russillo filed a notice of removal, to which Ms. Mitchell consented, thereby initiating this adversary proceeding, on the basis that Mr. Paulson's claims for relief arose from his bankruptcy case. I scheduled a status hearing/pre-trial conference ("November 29 Pre-Trial Conference") to discuss the appropriate way to proceed in the adversary proceeding.

At the November 29 Pre-Trial Conference, having reviewed the complaint and the defendants' answers, I identified the claims for relief that appeared to involve issues of law rather than issues of fact, and invited summary judgment motions from the defendants on those issues.

Following the November 29 Pre-Trial Conference, I entered a scheduling order which required that the Trustee file the Trustee's SJ

Page 5 -   MEMORANDUM DECISION RE DEFENDANT AMY MITCHELL'S AMENDED
            MOTION FOR SUMMARY JUDGMENT

Motion by January 6, 2012.  The court's local rules required that
Mr. Paulson respond to the Trustee's SJ Motion  14 days after it was
filed.  See LBR 7056-1(d), incorporating LBR 7007-1(b).  After discussion
with the parties, and in light of Mr. Paulson's pro se status, I set
February 10, 2012 as the deadline for Mr. Paulson to respond to Trustee's
SJ Motion, which gave Mr. Paulson 35 days to respond to Trustee's SJ
Motion.

Thereafter the Trustee moved for a one week extension of the
deadline for filing the Trustee's SJ Motion.  I granted the extension
request without hearing.  The Trustee's SJ Motion was filed January 13,
2012 (amended on January 22, 2012 to add the Trustee's Concise Statement
of Material Facts).  In order to preserve Mr. Paulson's extended response
period previously included in the scheduling order, I sua sponte entered
an amended scheduling order, which set February 17, 2012 as the new
deadline for Mr. Paulson's response.  Under the amended scheduling order,
Mr. Paulson retained a period of 35 days to respond to Trustee's SJ
Motion.

On the same day that the amended scheduling order was entered,
Mr. Paulson filed a motion to extend the time for filing his responses
(to the Trustee's SJ Motion as well as to the summary judgment motions
filed by Mr. Arbaugh and by Mr. Russillo) "until such time as discovery
and requests for production are completed."  Following a hearing on
Mr. Paulson's motion, I entered a further amended scheduling order which
set March 19, 2012 as the new deadline for Mr. Paulson's response to all
/ / /

Page 6 -  MEMORANDUM DECISION RE DEFENDANT AMY MITCHELL'S AMENDED
          MOTION FOR SUMMARY JUDGMENT

Case 11-03309-rld    Doc 64    Filed 04/11/12

pending summary judgment motions. As a result of the new deadline, Mr. Paulson had a total of 66 days to respond to Trustee's SJ Motion.

On March 16, 2012, one business day prior to the response deadline under the further amended scheduling order, I held a hearing ("March 16 Hearing") on Mr. Paulson's motion to compel discovery from Mr. Arbaugh and Mr. Russillo. At the hearing, Mr. Paulson was unable to identify any document he had requested but had not been provided. Accordingly, I entered an order denying the motion to compel. Although the March 19, 2012, response deadline was discussed at the March 16 Hearing, Mr. Paulson did not request a further extension of the response deadline.

Notably, as relevant to the Trustee's SJ Motion, the motion to compel discovery sought no additional discovery from the Trustee. Further, at Argument, Trustee's counsel stated that Mr. Paulson took the Trustee's deposition, utilizing a digital recording device in lieu of a certified court reporter. The deposition took place over the course of an entire day.

Mr. Paulson did not file his response to the Trustee SJ Motion by the extended response deadline. Two days after the extended response deadline passed, Mr. Paulson filed a motion seeking a further extension ("Motion for Further Extension") of the response deadline for a period of 45 days, on the basis that he wanted to take the depositions of Mr. Arbaugh and Mr. Russillo.

I denied Mr. Paulson's Motion for Further Extension. The Order Denying Plaintiff's Second Motion to [Extend Time to] Respond to Motions

Page 7 - MEMORANDUM DECISION RE DEFENDANT AMY MITCHELL'S AMENDED MOTION FOR SUMMARY JUDGMENT

for Summary Judgment concluded: "Oral argument on . . . the Trustee's SJ Motion will be held on April 4, 2012, as set forth in the further scheduling order entered February 15, 2012. See docket #49."

As I stated earlier, Mr. Paulson neither filed a response to the Trustee's SJ Motion nor appeared at the Argument. After the Argument, I took the Trustee's SJ Motion under advisement.

## Jurisdiction

The allegations of Mr. Paulson's complaint against the Trustee relate to the Trustee's performance of her duties on behalf of Mr. Paulson's bankruptcy estate. As such, 28 U.S.C. § 157(b)(1) and (2)(A) clearly apply core jurisdiction to authorize me to resolve the Trustee's SJ Motion:

> (1) Bankruptcy judges may hear and determine . . . all core proceedings arising under title 11, or arising in a case under title 11, . . . and may enter appropriate orders and judgments, subject to review under section 158 of this title.
> (2) Core proceedings include, but are not limited to –
>     (A) matters concerning the administration of the estate.

## Discussion

A.   Summary judgment standards

Under Civil Rule 56(a), applicable under Rule 7056, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment should not be entered when there are disputes over facts that may affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Page 8 -   MEMORANDUM DECISION RE DEFENDANT AMY MITCHELL'S AMENDED
            MOTION FOR SUMMARY JUDGMENT

The movant initially bears the burden of showing that there are no genuine issues of material fact. Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1409 (9th Cir. 1991). If the movant satisfies this burden, then the opposing party must produce sufficient evidence, through affidavits or admissible discovery material, to demonstrate that genuine material factual disputes exist. Id. The nonmoving party cannot rely on the allegations in its pleadings to meet that burden. Nelson v. Pima Cmty. College, 83 F.3d 1075, 1081-82 (9th Cir. 1996)("[M]ere allegations and speculation do not create a factual dispute for the purpose of summary judgment."). In the absence of a response by Mr. Paulson, I may, and I do, consider the facts set out by the Trustee as undisputed for purposes of the Trustee's SJ Motion. 10 COLLIER ON BANKRUPTCY ¶ 7056.07 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2010).

However, Mr. Paulson's failure to respond is not a basis to grant the Trustee's SJ Motion by default. Id. In order to grant the Trustee's SJ Motion, I must find that it and the supporting materials, including the undisputed facts, demonstrate that the Trustee is entitled to judgment as a matter of law.

B. The Trustee is entitled to dismissal of Mr. Paulson's claims against her as a matter of law.

Section 323 provides that a trustee appointed to serve as the representative of a bankruptcy estate "has capacity to sue and be sued." However, there are constraints on the "capacity" of a trustee to be sued. "A party must first obtain leave from the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee . . . for acts done in the [trustee's] official capacity." In re Crown

Page 9 - MEMORANDUM DECISION RE DEFENDANT AMY MITCHELL'S AMENDED MOTION FOR SUMMARY JUDGMENT

Vantage, Inc., 421 F.3d 963, 970 (9th Cir. 2005). The foregoing is a statement of what is known as the Barton Doctrine, the Supreme Court's recognition that court appointed fiduciaries, in Barton a receiver, here, the Trustee, are entitled to derived judicial immunity when performing official acts within the scope of statutory or court-sanctioned authority. See Barton v. Barbour, 104 U.S. 126, 136-37 (1881).

It is undisputed that Mr. Paulson neither sought nor obtained leave from this court to sue the Trustee in state court. Therefore, the sole issue I must decide in connection with the Trustee SJ Motion is whether, in performing the acts which form the basis of Mr. Paulson's complaint, the Trustee was protected by derived judicial immunity.

> For derived quasi-judicial immunity to apply, the [Trustee] must satisfy the following four elements: (1) [her] acts were within the scope of [her] authority; (2) [Mr. Paulson] had notice of [her] proposed acts; (3) [she] candidly disclosed [her] proposed acts to the bankruptcy court; and (4) the bankruptcy court approved [her] acts.

Harris, 590 F.3d at 742, citing Bennett v. Williams, 892 F.2d 822, 823, 825 (9th Cir. 1989); see also Read v. Duck (In re Jacksen), 105 B.R. 542, 545 (9th Cir. BAP 1989) (holding a trustee has immunity for actions "within the scope of the authority conferred upon him by statute or the court").

In his complaint, Mr. Paulson alleges that the Trustee is liable for "civil conspiracy" in connection with her settlement of the Predatory Lending Lawsuit with Fairway in exchange for Fairway's payment of $5,000 to Mr. Paulson's bankruptcy estate, and that her actions constituted the intentional infliction of emotional distress upon

Page 10 - MEMORANDUM DECISION RE DEFENDANT AMY MITCHELL'S AMENDED MOTION FOR SUMMARY JUDGMENT

Mr. Paulson for which the Trustee must be personally accountable. The Trustee's investigation into the value of the Predatory Lending Lawsuit to the bankruptcy estate, her negotiations with Mr. Russillo regarding settlement of the Predatory Lending Lawsuit, and her actions to seek court approval of that settlement all were within the Bankruptcy Court's charge that the Trustee "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1).

Mr. Paulson had notice of the Trustee's proposed settlement of the Predatory Lending Lawsuit. He had an opportunity to object to the settlement and did so.

Extensive proceedings were held before me pursuant to which the Trustee disclosed to the court and to Mr. Paulson the actions she took to evaluate and settle the Predatory Lending Lawsuit. Those disclosures formed the basis of my findings that the settlement was appropriate under the standards set forth in the A & C Properties case. Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1381 (9th Cir. 1986). Those findings were affirmed on appeal.

## Conclusion

It is clear from the record before me on the Trustee SJ Motion, that the Trustee is entitled to derived judicial immunity in the settlement of the Predatory Lending Lawsuit. I therefore grant the Trustee SJ Motion. Within ten days after this memorandum is docketed, Mr. Leonard should submit (1) an order granting the Trustee SJ Motion

Page 11 - MEMORANDUM DECISION RE DEFENDANT AMY MITCHELL'S AMENDED MOTION FOR SUMMARY JUDGMENT

and (2) a final judgment dismissing with prejudice the Trustee from the pending litigation.

# # #

cc:	Lauren John Paulson
	Paul A.C. Berg
	Susan K. Eggum
	Justin D. Leonard
	Matt Arbaugh
	Amy Mitchell
	Craig Russillo

Page 12 - MEMORANDUM DECISION RE DEFENDANT AMY MITCHELL'S AMENDED MOTION FOR SUMMARY JUDGMENT